NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMAR PAEZ VILLA, AKA Lorenzo Paez Villa,<br><br>        Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.    17-72859<br><br>Agency No. A206-357-262<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Omar Paez Villa, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Villa failed to establish he suffered past persecution based on the harm experienced by his family. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (petitioner did not establish harm to family was part of "a pattern of persecution closely tied to" petitioner) (citation omitted); *Navas v. INS*, 217 F.3d 646, 659 n.18 (9th Cir. 2000) ("the death of one family member does not [automatically] trigger a sweeping entitlement to asylum eligibility for all members" of an extended family) (citation and internal quotation marks omitted). Substantial evidence also supports the agency's conclusion that Villa failed to establish it is more likely than not that he will be persecuted in Mexico. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (family members remaining unharmed undermined applicant's well-founded fear of persecution based on family membership), *abrogated on other grounds by Henriquez-Rivas v. Holder,* 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, Villa's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Villa failed to show it is more likely than not that he will be tortured with the consent or acquiescence of the government of Mexico. *See Aden v. Holder*,

17-72859

589 F.3d 1040, 1047 (2009).

We reject Villa's contention that the BIA failed to adequately considered evidence and explain its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**